WEST ORANGE LICENSED BEVERAGE ASSOCIATION, APPELLANT, v. BOARD OF ALCOHOLIC BEVERAGE CONTROL OF THE TOWN OF WEST ORANGE AND RICHARD L. PLOTKIN, ESQ., RECEIVER FOR RALLO'S BAR, INC., RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 5, 1975—Decided July 18, 1975.

Before Judges MICHELS, MORGAN and MILMED.

*Mr. Harry P. Durkin* argued the cause for appellant.

*Mr. James A. Ospenson,* Assistant Town Attorney of West Orange, argued the cause for respondent Board of Alcoholic Beverage Control of West Orange.

*Mr. Richard L. Plotkin,* receiver for Rallo's Bar, Inc., argued the cause *pro se.*

*Mr. William F. Hyland,* Attorney General of New Jersey, filed a statement in lieu of brief for the Division of Alcoholic Beverage Control (*Mr. Hyland,* attorney; *Mr. David S. Piltzer,* Deputy Attorney General, of counsel).

PER CURIAM. This is an appeal from a decision of the Director of the Division of Alcoholic Beverage Control which affirmed the action of the Board of Alcoholic Beverage Control of the Town of West Orange (local board) approv-

ing an application by West Orange-Englewood Tennis Clubs, Inc., for a person-to-person and place-to-place transfer of a plenary retail consumption license held by Richard L. Plotkin, Esq., receiver for Rallo's Bar, Inc. The application sought transfer of the license from 3 Beasley Street to the West Orange Tennis Club at 1448 Pleasant Valley Way in West Orange.

The two basic issues which were before the Director and which are currently before the court are: (1) whether the appeal to the Division by the objector, appellant West Orange Licensed Beverage Association, was timely, and (2) whether the failure of one of the town councilmen (Councilman Cuozzi) to disqualify himself from voting on the transfer rendered the 3 to 2 approval by the local board void.

*N. J. S. A.* 33:1–26 requires, among other things, that an aggrieved person opposing the grant of a transfer "may, within 30 days after the grant of such transfer, appeal to the director from the action of the issuing authority." Consistent therewith, *Rule* 3 of *State Regulation* No. 15 of the Division of Alcoholic Beverage Control prescribes in pertinent part that appeals "from the granting of an application for the * * * transfer of a license must be taken within thirty (30) days from the date of the action appealed from * * *."

The relevant facts in this case may briefly be summarized. The application for transfer of the license (plenary retail consumption license No. C–57) was heard by the local board of alcoholic beverage control on January 8, 1974. At the hearing counsel for one of the principal objectors to the transfer, the West Orange Licensed Beverage Association (objector), sought to have Councilman (now Mayor) Cuozzi, one of the five voting members of the local board present, disqualified from voting on the application because of his membership in the proposed transferee, the West Orange Tennis Club. The stock of the West Orange Tennis Club, a corporation, is owned by two brothers, Abraham and Nathan Gorelick. Councilman Cuozzi plays tennis at the club for

two hours on Saturday mornings. He pays about $200 a year for his share of a reserved tennis court. He also pays annual dues of $25, for which he is entitled to additional club benefits. At the time of the hearing before the local board he was in his third year of membership. Counsel for the West Orange Licensed Beverage Association based his motion to have Cuozzi disqualify himself on *Rule* 1 of *State Regulation* No. 4 of the Division of Alcoholic Beverage Control, which provides that

No municipal issuing authority may issue a license to, or transfer a license to or from, any of its members or issue a license other than a club license to, or transfer such license to or from any corporation, organization, or association *in which any of its members is interested directly or indirectly.* No municipal issuing authority may transfer, to other premises, a license of any of its members or transfer to other premises a license other than a club license of any corporation, organization or association *in which any of its members is interested directly or indirectly.* In such circumstances, application must be made to the Director of the Division of Alcoholic Beverage Control. [Emphasis supplied]

Cuozzi refused to disqualify himself from voting on the application. As disclosed in the minutes of the local board, at the hearing on January 8, 1974 Abraham Gorelick pointed out that the Tennis Club had 2,400 members; that no member had any voice in the operation of the club; that only members of the Tennis Club and their guests could use the club swimming pool, and that the liquor license would accommodate the club players. At the close of the hearing on January 8 the local board reserved decision on the application until its next public meeting on January 22, 1974. On that adjourned date Councilman Cuozzi moved the approval of the application. The motion was carried by a vote of 3 to 2, Councilmen Cuozzi, Mangino and Skarbnik voting in the affirmative and Councilman Spina and Council President Bonnet voting in the negative. The next day, January 23, 1974, the secretary of the local board wrote to the Director of the Division of Alcoholic Beverage Control notifying him

that at its meeting on January 22, 1974 the local board approved the person-to-person and place-to-place transfer of the plenary retail consumption license.

Although the minutes of the January 22 meeting of the local board state that on motion by Councilman Cuozzi, seconded by Councilman Mangino, the application for the transfer "was approved for the reasons given in the application and in the resolution," no resolution of the board was in existence at the time. On February 4, 1974 the town attorney prepared a form of resolution of transfer in accord with the local board's approval of January 22. However, the board did not adopt that resolution until its meeting on April 2, 1974, the vote on the adoption being the same as that on the January 22, 1974 motion to approve the transfer. On April 3, 1974 the secretary of the local board forwarded a copy of the adopted resolution to the Acting Director of the Division of Alcoholic Beverage Control. On May 2, 1974 the objector filed its petition of appeal to the Director of the Division. A *de novo* hearing was held in the Division. The Division hearer recommended that the action of the local board be affirmed and the appeal dismissed, concluding that (1) the appeal to the Director was filed out of time since "the action of the municipal issuing authority appealed from occurred on January 22, 1974," and (2) Councilman Cuozzi "had no disqualifying interest" in the West Orange Tennis Club. Exceptions to the hearer's report were filed. The Director concurred in the findings and conclusions of the hearer, affirmed the action of the local board of alcoholic beverage control and dismissed the appeal.

In the totality of the circumstances here involved we are entirely satisfied that the appeal was filed within the time limited by *N. J. S. A.* 33:1–26 and *Rule* 3 of *State Regulation* No. 15 of the Division of Alcoholic Beverage Control. It is clear from the minutes of the January 22, 1974 meeting of the local board that the board intended, by the reference to its approval of the application for the transfer "for the reasons given * * * in the resolution," that

its action on the application would be finalized on its adoption of a formal resolution of transfer. No such resolution was adopted by the board until April 2, 1974.[1]

A *quasi*-judicial action of a municipal body is rendered voidable by the voting participation of a member thereof who is at the time subject to a direct or indirect private interest which is at variance with the impartial performance of his public duty. [*Aldom v. Roseland*, 42 *N. J. Super.* 495, 501 (App. Div. 1956)]

From our review of the record we are equally satisfied that the action of the local board in granting the transfer of the license must be set aside because of Councilman Cuozzi's participation therein. In the circumstances his membership in the Tennis Club and his regular use of its facilities represented a sufficient interest in the applicant for the license to require his disqualification "so that not the faintest shadow be cast on the integrity of the determination" of the board. *Hochberg v. Freehold,* 40 *N. J. Super.* 276, 284 (App. Div. 1956), certif. den. 22 *N. J.* 223 (1956). See also, *Aldom v. Roseland, supra; Zell v. Roseland,* 42 *N. J. Super.* 75 (App. Div. 1956).

The order of the Director of August 9, 1974 is reversed, and the action of the Board of Alcoholic Beverage Control of the Town of West Orange of January 22 and April 2, 1974 approving the person-to-person and place-to-place transfer of Plenary Retail Consumption License No. C-57 is set aside and declared void. The matter is remanded to the Director of the Division of Alcoholic Beverage Control for a plenary hearing and determination of the application on the merits. *Rule* 1 of *State Regulation* No. 4. We do not retain jurisdiction.

---

[1]We note that at no time has the local board stated its reasons for approving the transfer. *Cf. Rule* 10 of *State Regulation* No. 6; *Lubliner v. Paterson Bd. of Alcoholic Beverage Control,* 33 *N. J.* 428, 445 (1960).